IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DAWN DOWNING,                                    *

    Plaintiff,                                   *

       v.                                       *          Civil Action No. RDB-12-1047

BALTIMORE CITY BOARD                             *
OF SCHOOL COMMISSIONERS,
                                                 *
    Defendant.

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

## MEMORANDUM ORDER

The Plaintiff Dawn Downing sued the Defendant Baltimore City Board of School Commissioners for age, gender, and race discrimination.  Presently pending is the Plaintiff's Motion for Leave of Court to File Second Amended Complaint (ECF No. 43).  The deadline set forth in this Court's Scheduling Order (ECF No. 16) for amendment of pleadings was April 22, 2013.  The Plaintiff now seeks to add claims for retaliation and loss of consortium.  The parties' submissions have been reviewed and no hearing is deemed necessary.  Loc. R. 105.6 (D. Md. 2011).  For the reasons that follow, the Plaintiff's Motion will be DENIED.

Pursuant to Rule 16 of the Federal Rules of Civil Procedure, after the deadline for amendment of pleadings provided in the Court's Scheduling Order has passed, a plaintiff must show good cause why leave to file an amended complaint should be granted.  "The analysis under Rule 16 is less focused on the substance of the proposed amendment and more concerned with the timeliness of the motion to amend 'and the reasons for its tardy submission.'"  *CBX Techs., Inc. v. GCC Techs., LLC*, No. JKB-10-2112, 2012 WL 3038639, at

*4 (D. Md. July 24, 2012) (quoting *Rassoull v. Maximus, Inc.*, 209 F.R.D. 372, 373-74 (D. Md. 2002)). The Court considers possible prejudice to the opposing party, the length of the delay and its impact on the proceedings, the reason for the delay, and whether the movant acted in good faith. *Tawwab v. Va. Linen Serv., Inc.*, 729 F. Supp. 2d 757, 768-69 (D. Md. 2010). Good cause generally exists where at least some of the evidence necessary to prove a plaintiff's claim did not, despite reasonable diligence, come to light until after the amendment deadline. *Id.* However, leave to amend should be denied if the plaintiff cannot account for the failure to discover such evidence earlier, or if that failure was the result of carelessness. *Id.*

Only if the plaintiff meets the burden of showing "good cause" does the Court's inquiry shifts to the more liberal standard set forth in Rule 15 of the Federal Rules of Civil Procedure, which states that leave to amend should be "freely give[n] when justice so requires." Leave to amend may still be denied, however, if: (1) the new pleading would prejudice the opposing party; (2) the moving party has acted in bad faith; or (3) the new pleading would be futile. *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006). "Whether an amendment is prejudicial will often be determined by the nature of the amendment and its timing." *Id.* at 427. Moreover, amendment is futile if the complaint as amended could not withstand a motion to dismiss. *Perkins v. United States*, 55 F.3d 910, 917 (4th Cir. 1995). If a District Court denies leave, it must state justifying reasons. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

In this case, the Plaintiff has not addressed Rule 16 and in any case failed to demonstrate good cause to permit amendment after the date set forth in the scheduling

order. The Plaintiff simply states that deposition testimony "made it clear that the Plaintiff has a cause of action for retaliation," but gives no indication why this cause of action could not have been asserted from the very beginning. This Court notes that retaliation claims routinely arise out of the same factual circumstances as substantive discrimination claims, and that the Plaintiff offers no sufficient reason for a delay of almost one year after the deadline for amendment of pleadings. Furthermore, the Plaintiff points to no evidence as to her proposed loss of consortium claim that was unavailable to her before the amendment deadline. A Court's scheduling order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Potomac Elec. Power Co. v. Elec. Motor Supply, Inc.*, 190 F.R.D. 372, 376 (D. Md. 1999) (citation omitted). To allow the proposed amendment at this late stage, just before the filing of dispositive motions, would also unduly prejudice the Defendant. Rather, this Court will employ the "effective case management tools provided by Rule 16" to ensure that discovery, which has already been extended on the parties' request, is completed and this case moves forward. *See Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298-99 (4th Cir. 2008) (noting that Rule 16 is not read in light of the liberal standard of Rule 15). For those reasons, Rule 16 mandates the denial of the Plaintiff's Motion.

In any event, even under the more liberal standard of Rule 15, amendment is unwarranted because of the prejudice to the Defendant noted above. *Laber*, 438 F.3d at 426. Moreover, the proposed amendments would be futile because they would not survive a motion to dismiss. *Perkins*, 55 F.3d at 917. As to the retaliation claim, the Plaintiff does not allege that she engaged in any protected activity before the adverse employment action.

3

Therefore, she fails to plead facts that could support the finding of the causal link required to state a retaliation claim. *Coleman v. Md. Ct. of Appeals*, 626 F.3d 187, 190-91 (4th Cir. 2010) (affirming dismissal of retaliation claim where plaintiff did not assert facts that could plausibly support a prima facie case). As to the claim for loss of consortium damages, such claims must be brought on behalf of a married couple as a single entity. *Dehn v. Edgecomb*, 834 A.2d 146, 167 (Md. Ct. Spec. App. 2003) (citing *Deems v. W. Md. Ry. Co.*, 231 A.2d 514, 522 (Md. 1967)). The Plaintiff is no longer married, and does not propose to bring a separate loss of consortium claim; her additional theory of damages is already covered by her existing claim for loss of enjoyment of life. The Plaintiff makes no argument in reply to the Defendant's contention that the proposed amendments would be futile. In sum, the Plaintiff's Motion (ECF No. 43) must be denied.

## CONCLUSION & ORDER

For the reasons stated above, it is hereby ORDERED that:

1. Plaintiff's Motion for Leave of Court to File Second Amended Complaint (ECF No. 43) is DENIED; and

2. The Clerk of the Court transmit copies of this Memorandum Order to the parties.

Dated: June 3, 2014

_/s/ Richard D. Bennett_

Richard D. Bennett
United States District Judge